Filed 11/14/13  P. v. Hart CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>

**THE PEOPLE,**

    **Plaintiff and Respondent,**

       **v.**

**CHILICO DAVID HART,**

    **Defendant and Appellant.**

</td><td>

**A138076**


**(Sonoma County Super. Ct. Nos. SCR-599406, SCR-607909, SCR-611461 & SCR-620586**)

</td></tr>
</table>

Chilico David Hart (appellant) was convicted and pled no contest to various offenses in four criminal cases, and the trial court imposed a total prison term of five years eight months.  Appellant's counsel has raised no issue on appeal and asks this court for an independent review of the record to determine whether there are any arguable issues.  (*Anders v. California* (1967) 386 U.S. 738; *People v. Wende* (1979) 25 Cal.3d 436.)  Appellant has filed a supplementary brief contending that his sentence is unlawful because the total sentence exceeds the maximum authorized sentence, if periods of probation for which appellant waived custody credits are treated as part of the total sentence.  We find no arguable issues and affirm.

BACKGROUND

In June 2011, in SCR-599406, appellant was convicted of burglary (Pen. Code, § 459),[1] grand theft (§ 487, subd. (a)), receiving stolen property (§ 496, subd. (a)), and possession of matter depicting sexual conduct of persons under 18 years of age (§ 311.11).  In September, appellant was placed on formal probation for three years, on the condition that he enter a residential treatment program at Redwood Gospel Mission.  In October, probation was summarily revoked.

In January 2012, in SCR-607909, appellant was convicted of burglary (§ 459) and vandalism (§ 594, subd. (a)).  Also in January 2012, appellant was convicted of possession of a controlled substance by a prisoner (§ 4573.6).  In March 2012, the trial court sentenced appellant to a prison term of five years and suspended execution of that sentence, placing appellant on probation on the condition that he again participate in the residential treatment program at Redwood Gospel Mission.  Appellant waived 349 days of custody credits, plus future credits for time spent in the treatment program.

In April 2012, the trial court found appellant violated probation.  In May, the court resentenced appellant to a total prison term of five years.[2]

In November 2012, in SCR-620586, appellant pled no contest to a charge of stalking (§ 646.9, subd. (a)).  In January 2013, the trial court added a consecutive eight months to the sentence imposed on the other three cases, for a total prison term of five years eight months.  The court also imposed various fines.  This appeal followed.

DISCUSSION

We have reviewed the entire record and have found no arguable appellate issues.

In his supplementary brief, appellant contends the sentence imposed by the trial court is unlawful because the total sentence exceeds the maximum statutory authorized sentence, if periods for which appellant waived custody credits are treated as part of the

---

[1]  All further undesignated statutory references are to the Penal Code.

[2]  Appellant appealed from that sentence in *People v. Hart* (A135870, Dec. 5, 2012), and we affirmed following our independent review of the record pursuant to *People v. Wende*, *supra*, 25 Cal.3d 436.

total sentence. His claim is foreclosed by the California Supreme Court's decision in *People v. Johnson* (2002) 28 Cal.4th 1050 (*Johnson*). *Johnson* held that, because "defendants may waive provisions that are intended for their benefit" (*id.* at p. 1057), a defendant may expressly waive entitlement to credits for past and future days in custody against an ultimate prison sentence, provided the waiver is knowing and intelligent (*id.* at pp. 1054-1055). In the present case, appellant knowingly and intelligently waived prior and future custody credits when he was placed on probation in March 2012. *Johnson* further held that a trial court may, in addition to conditioning probation on waiver of custody credits, impose a suspended sentence of the maximum length authorized by law. (*Id.* at pp. 1055, 1057-1058.) *Johnson* pointed out that, "when probation is conditioned upon completion of a residential treatment program, custody credit waivers ensure the defendant's 'optimum chances of success in [the] treatment program, while reserving an appropriate sentence if, despite the opportunity received, the treatment program and probation are not completed.' " (*Id.* at p. 1056.) *Johnson* further explained that such a waiver gives a defendant "an incentive to successfully complete the residential treatment program based on the knowledge that failure to do so would expose him to imposition of the [maximum] prison sentence unreduced by previously served custodial time." (*Id.* at pp. 1056-1057.) The trial court relied on similar reasoning in requiring the custody credit waiver in the present case.

Appellant was adequately represented by legal counsel throughout the proceedings. The trial court's sentence and fines are not unlawful. There are no legal issues that require further briefing.

DISPOSITION

The judgment is affirmed.

3

 

                                                       _____

                                                       SIMONS, J.

We concur.

_____

JONES, P.J.

_____

BRUINIERS, J.